4
LEONARD K. WELSH CSB NO. 097954
LAW OFFICES OF LEONARD K. WELSH
1800 30th Street, Fourth Floor
Bakersfield, CA 93301
Telephone: (661) 328-5328
Facsimile: (661) 760-9900
Email: lwelsh@lkwelshlaw.com

Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>FREON LOGISTICS, INC.<br><br>       Debtor-in-Possession. | Case No. 22-11907-B-11<br>Chapter 11<br>DC No. LKW-4<br><br>Date: November 15, 2022<br>Time: 9:30 a.m.<br>Place: Bankruptcy Court-Department B<br>      United States Courthouse<br>      2500 Tulare Street, Fifth Floor<br>      Fresno, CA<br>Judge: Honorable Rene Lastreto, II |

### MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PER 11 USC SECTION 503(b)(9)

The Motion for Allowance of Administrative Expense Claim per 11 USC Section 503(b)(9) ("the Motion") filed by Freon Logistics, Inc. ("Debtor") represents:

### I.

### INTRODUCTION

1. Debtor filed a Voluntary Petition under Chapter 11 on November 8, 2022 ("the Petition Date"). Debtor is a "Debtor-in-Possession" and a Trustee has not been sought or appointed in Debtor's Case.

2. Debtor owns and operates a transportation business. Debtor operates its business

throughout the United States and Debtor's principal business is located in Bakersfield, California. Debtor's business generated gross income of $60,190,580.44 and had costs of goods sold of $43,268,565.51 and other expenses of $15,938,171.16 from January 1, 2022 through June 30, 2022.

3. Debtor employs about 500 employees in its business. Debtor intends to file a Plan of Reorganization in its Chapter 11 case and Debtor expects its business to be profitable during its Chapter 11 case.

4. Pilot Travel Centers, LLC dba Pilot Flying J ("Pilot") is the major supplier of fuel used by Debtor in the operation of its business. Pilot sold fuel to Debtor before Debtor filed its Chapter 11 case in the ordinary course of Debtor's business including fuel sold to Debtor in the twenty (20) days preceding the Petition Date. The fuel sold to Debtor had an aggregate value of $1,696,443.20 as identified in the Invoices ("the Invoices") included in the <u>Exhibits to Motion for Allowance of Administrative Expense Claim per 11 USC Section 503(b)(9)</u> on file herein. Debtor has tried to purchase fuel from other suppliers after the filing of its Chapter 11 case without success and Debtor believes that Pilot is the best and most reliable source for fuel to be used in Debtor's business.

5. As of the date of the Motion, Pilot has not received payment for the fuel sold to Debtor described in the Invoices. Pilot has informed Debtor that it will not sell fuel to Debtor in the Chapter 11 case if the money owed to it described in the Invoices is not paid. Pilot refusing to sell fuel to Debtor after the Petition Date will doom Debtor's reorganization and may force Debtor to close its business.

6. For the reasons given above and explained further below, Debtor requests that the Motion be granted and Pilot be allowed an administrative expense claim per 11 USC Section 503(b)(9) which can be paid by Debtor in the ordinary course of business.

## II.
## THE COURT CAN ALLOW PILOT AN ADMINISTRATIVE EXPENSE CLAIM PER 11 USC SECTION 503(b)(9)

7. 11 USC Section 503(b)(9) can allow an administrative expense claim to any party selling goods to a debtor in the ordinary course of business within the twenty (20) days before the commencement of the bankruptcy case. The amount of the administrative expense claim is "the value of any goods received by the debtor within twenty (20) days before the commencement of a case under [the Bankruptcy Code]." Id. Courts have parsed the language of 11 USC Section 503(b)(9) into a three-part test including:

    a. the claimant must have sold goods to the debtor,

    b. the goods must have been received by the debtor within twenty (20) days before the bankruptcy filing, and

    c. the sale must have occurred in the ordinary course of business.

See In re Skyler Exploration Company, 638 BR 627, 630 (Bank. D CO 2022). See also In re World Imports, Ltd., 862 F.3d 338, 341 (3d Cir. 2017).

8. In the present case, the Invoices confirm that:

    a. Pilot sold fuel to Debtor,

    b. the fuel was received by Debtor within twenty (20) days of the Petition Date, and

    c. the fuel was sold to Debtor in the ordinary course of business

and that the requirements of 11 USC Section 503(b)(9) have been satisfied. Additionally, Federal Rule of Bankruptcy Procedure 6003 provides that the Court can issue an Order granting a Motion for authority to pay a claim that arose before the filing of the Petition within twenty-one (21) days after the filing of the Petition "to avoid immediate and irreparable harm."

9. There is no question that Debtor will suffer "immediate and irreparable harm" if the

Motion is not granted and Pilot is not allowed an administrative expense claim for the amounts described in the Invoices. This is true because:

    a. Pilot has informed Debtor that it will not sell fuel to Debtor in the Chapter 11 case if the money owed to it described in the Invoices is not paid,

    b. Debtor relies on the fuel purchased from Pilot to operate and maintain its business,

    c. Pilot refusing to sell fuel to Debtor after the Petition Date will doom Debtor's reorganization and may force Debtor to close its business.

WHEREFORE, Debtor prays that:

1. The Motion for Allowance of Administrative Expense Claim per 11 USC Section 503(b)(9) be granted,

2. Pilot Travel Centers, LLC ("Pilot") be allowed an administrative expense claim of $1,696,443.20 in Debtor's case under 11 USC Section 503(b)(9),

3. Debtor be authorized to pay Pilot's administrative expense claim in the ordinary course of business as a part of Debtor's Chapter 11 case, and

4. Debtor be granted such other relief as the Court deems to be just and proper.

Dated: November 14, 2022

LAW OFFICES OF LEONARD K. WELSH

By /s/ Leonard K. Welsh
    LEONARD K. WELSH
    Attorneys for Debtor-in-Possession