**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**CIVIL MINUTES**

---

**Case Title:** FREON LOGISTICS     **Case No.:** 22-11907 - B - 11
**Docket Control No.** KJM-2
**Date:** 12/07/2022
**Time:** 10:30 AM

**Matter:** [177] - Motion for Relief from Automatic Stay [KJM-2] Filed by Creditor M&T Capital and Leasing Corporation (Fee Paid $0.00) (eFilingID: 7155555) (pdes)

**Judge: René Lastreto II**
**Courtroom Deputy: Carina Weed**
**Reporter: Electronic Record**
**Department: B**

---

**APPEARANCES for:**
**Movant(s):**
(by zoom) Creditor's Attorney - Kevin J McEleney
**Respondent(s):**
(by zoom) Debtor's Attorney - Leonard K. Welsh

---

**CIVIL MINUTES**

Motion Granted


The Moving Party shall submit a proposed order with the stipulation attached as an exhibit and shall separately file and docket the same as a stipulation. Mr. Leonard K. Welsh to approve the order.

Secured creditor M&T Capital and Leading Corporation ("Movant") moves for an order approving a joint stipulation with Freon Logistics ("Debtor") for relief the automatic stay with respect to certain personal property used in Debtor's business (collectively "Equipment") pursuant to 11 U.S.C. § 362(d)(1) and Federal Rule of Bankruptcy Procedure ("Rule") 4001(d). Doc. #177. Additionally, Movant also requests waiver of the 14-day stay of any stay relief order under Rule 4001(a)(3). *Id.*

In the absence of opposition at the hearing, the motion was GRANTED provided that Movant has complied with the order shortening time ("OST").


This motion was set for hearing on shortened notice with an OST under the procedure specified in Local Rule of Practice ("LBR") 9014-1(f)(3).[1] Consequently, the creditors, the U.S. Trustee, and any other parties in interest were not required to file a written response or opposition to the motion.

On or about February 15, 2018, Movant (as successor by merger) and Debtor entered into *Master Loan and Security Agreement No. 5113* and schedules ("Master Loan Agreement") for the purchase and finance of certain business equipment in which Movant was granted a security interest in the equipment described. *See* Doc. #181, *Ex. A*. On or about April 23, 2021, Movant (as successor by merger) and Debtor entered into fifteen (15) *Equipment Finance Agreements* and accompanying schedules ("Financing Agreements") for the purchase and finance of certain business equipment. *Id.*, *Ex. B*. The Equipment collectively consists of the 41 individual units secured by Movant under the Master Loan Agreement and Financing Agreements (collectively "Loan Agreements"), which consists of:

i.   Five (5) 2018 Utility VS2RA 53x102 3000R Reefer Trailers;
ii.  Twenty (20) 2022 Peterbilt 579 Sleepers;
iii. Seven (7) 2018 Great Danes;
iv.  Six (6) 2023 Peterbilt Model 579s; and
v.   Three (3) 2016 Kenworth T680s.

*Id.*; Docs. ##179-80.

Debtor was in default under the Loan Agreements both before and after the petition date, both by failing to make payments and by failing to maintain insurance on the Equipment. *Id.* As of the petition date, Debtor owed Movant approximately $4,557,301.86 exclusive of fees, costs, and attorneys' fees under the Loan Agreements. *Id.* Due to Debtor's inability to insure and safeguard the Equipment during the pendency of the bankruptcy case, Debtor consented to allowing Movant to repossess the equipment. *See* Doc. #181, *Ex. C*. With Debtor's consent, Movant has located the Equipment, which has revealed that the units are scattered across the country, some of the fuel cards for the units are shut off, and some units may be missing or contain malfunctioning GPS trackers. Movant says that it has and is continuing to incur substantial costs and expenses associated with locating, securing, recovering, and storing the Equipment, which will increase Debtor's obligations owed to Movant under the Loan Agreements. Doc. #177. Movant now requests relief from the automatic stay here so that it can locate, secure, recover, and store the Equipment until resale.

11 U.S.C. § 362(d)(1) allows the court to grant relief from the stay for cause, including the lack of adequate protection. "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case-by-case basis." *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985).

After review of the included evidence, the court intends to find that "cause" exists to lift the automatic stay with respect to the Equipment because the Equipment is uninsured and Debtor has failed to make three pre-petition payments totaling $343,241.00, and one post-petition payment totaling $100,649.00. Docs. ##179-80. Further, Debtor owes Movant a total of $4,600,843.98.

Under Rule 4001(d)(1)(A)(iii), a party may file a motion for approval of an agreement to modify or terminate the stay provided in § 362. The motion contains the required contents outlined in Rule 4001(d)(1)(B) and was properly served on all creditors as required by Rule 4001(d)(1)(C). Pursuant to Rule 4001(d)(2), although parties in interest were not given at least 14 days to object, the court shortened the amount of notice required to four days, and parties may appear and be heard at the hearing. Doc. #183. But if any party objects at the hearing, the court will continue the hearing on this motion for further briefing.

The motion was granted, and the court ordered the 14-day stay of Rule 4001(a)(3) waived because the Equipment is uninsured and consists of stranded vehicles at risk of value diminution, so Movant is not adequately protected.

Any order approving the stipulation shall include a copy of the stipulation attached as an exhibit. Since the stipulation has not been docketed separately as a stipulation, Movant shall separately file the stipulation and docket it as a stipulation.

---

[1] Since the Stipulation relates to relief from the automatic stay, 21 days' notice was not necessary. Rules 2002(a)(3), 4001(d).