Filed 12/12/22  Case 22-11907  Doc 266

4

LEONARD K. WELSH, CSB NO. 097954
LAW OFFICES OF LEONARD K. WELSH
1800 30th Street, Fourth Floor
Bakersfield, California 93301
Telephone: (661) 328-5328
Email: lwelsh@lkwelshlaw.com

Attorneys for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>FREON LOGISTICS, INC.<br><br>Debtor-in-Possession. | Case No. 22-11907-B-11<br>Chapter 11<br>DC No. UST-1<br>Date: December 13, 2022<br>Time: 9:30 am.<br>Place: Bankruptcy Court Department A<br>United States Courthouse<br>2500 Tulare Street, Fifth Floor<br>Fresno, CA<br>Judge: Honorable Rene Lastreto, II |

**DEBTOR'S INITIAL RESPONSE TO THE AMENDED MOTION OF THE U.S. TRUSTEE TO DISMISS OR CONVERT CHAPTER 11 CASE PER 11 USC SECTION 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014**

Freon Logistics, Inc. ("Debtor") submits the following Initial Response to the Amended Motion of the U.S. Trustee to Dismiss or Convert Chapter 11 Case per 11 USC Section 1112(B) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014 ("the Motion") and represents as follows:

### I.

### INTRODUCTION

1. The Motion is based on one fact – to wit: "Debtor has failed to maintain adequate and appropriate interest on its vehicles and trailers which pose a risk to the public and

to the estate". See <u>Amended Motion of the U.S. Trustee to Dismiss or Convert Chapter 11 Case per 11 USC Section 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014</u>, Section I, Page 2, at Lines 2-4. The Motion acknowledges that Debtor has informed the United States that "Debtor is not driving any trucks or trailers at the present time and that it would not operate any trucks or trailers until it can obtain insurance". <u>Id</u>, Section II, Paragraph 7, Page 3, at Lines 19-20. Thus, there is no risk to the public or the estate as alleged by the United States Trustee. Additionally, the Motion alleges that Debtor's unsworn statement concerning parking and idling its trucks and trailers until it obtains the insurance coverage required by the law "is not enough". <u>Id</u>, Section III, Paragraph B, Page 5, at Lines 4-5. Debtor agrees with the United States Trustee and requests the opportunity to present evidence in opposition to the Motion.

2. The Motion was filed on less than 28 days notice and service on Debtor was effectuated pursuant to an Order Shortening Time entered by the Court on December 1, 2022. This means that Local of Bankruptcy Practice 9014-1(f)(2)(c) ["Rule 9014-1(f)(2)(c)"] controls part of the procedures to be used by the Court in considering the Motion. Specifically, Rule 9014-1(f)(2)(c) provides:

"When fewer than twenty-eight (28) days notice of a hearing is given, no party in interest shall be required to file written opposition to the Motion. Opposition, if any, shall be presented at the hearing on the Motion. If opposition is presented, or if there is other good cause, the Court may continue the hearing to permit the filing of evidence and briefs."

3. In the present case, Debtor requests the opportunity to present evidence that:

    a. Debtor is not driving or operating its trucks and trailers at the present time,

      b.      Debtor will not drive or operate its trucks and trailers until it obtains the insurance required by the law,

      c.      Debtor is prepared to surrender a number of its trucks and trailers to creditors holding liens against the trucks and trailers so that (i) the creditors can liquidate their collateral as permitted by the law and (ii) Debtor can reduce a large amount of its secured debt and be in a better position to formulate a feasible Plan of Reorganization,

      d.      Debtor has received an offer to purchase a parcel of real property owned by it for $1.8 million and such a sale should return between $500,000.00 and $600,000.00 to the Chapter 11 estate after payment of secured claims, costs of sale, and alike from which Debtor can pay expenses incurred by Debtor in the operation of its business including (i) wages, (ii) fuel, and (iii) insurance.

4.      Debtor requests that the hearing on the Motion be continued to January 10, 2023 at 9:30 a.m. so Debtor can present evidence concerning the matters described above to the Court. The January 10, 2023 date is requested because (a) the Christmas and New Year's holidays are fact approaching and (b) Debtor's attorney is scheduled for surgery on January 4, 2023.

5.      Debtor has no objection to the Court entering an order prohibiting Debtor from driving or operating its trucks and trailers until Debtor obtains the insurance required by the law.

## II.

## THE PURPOSE OF CHAPTER 11 WILL BE DEFEATED IF THE MOTION IS GRANTED BEFORE DEBTOR CAN PRESENT EVIDENCE IN OPPOSITION TO THE MOTION

6. The purpose of Chapter 11 is to promote "the expeditious resolution of disputes and speedy payments to creditors. See In re Kemp, 134 BR 413, 415 (Bankr. ED CA 1911); In re Hoosier Hi-Reach, Inc., 64 BR 34, 38 (Bankr. SD IN 1986). Furthermore, the United States Supreme Court has said:

> "the fundamental purpose of reorganization is to prevent a debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources."

In re Bildisco and Bildisco, 104 S. Ct. 1188, 1197 (1984).

7. The purpose of Chapter 11 described above will be defeated, jobs will be lost, and the misuse of economic resources may occur if the Motion is granted before Debtor can present evidence in opposition to the Motion.

WHEREFORE, Debtor prays that:

1. the Motion not be granted at the hearing scheduled for December 13, 2022,

2. the hearing on the Motion be continued to January 10, 2023 at 9:30 a.m.,

3. Debtor be permitted to present evidence in opposition to the Motion on a schedule set by the Court, and

4. Debtor be granted such other relief as the Court deems to be just and proper.

Date: December 12, 2022

LAW OFFICES OF LEONARD K. WELSH

By: /s/ Leonard K. Welsh
LEONARD K. WELSH
Attorneys for Debtor-in-Possession